UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUSBIN A. A. V.,[1]<br>Petitioner,<br>v.<br>WARDEN, *et al.*,<br>Respondents. | Case No. 2:26-cv-01103-KES-FJS (HC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS FOR FAILURE TO PROSECUTE<br><br><u>FOURTEEN (14) DAY DEADLINE</u> |

## I. <u>BACKGROUND</u>

Plaintiff Lusbin A. A. V. ("Petitioner") is a former immigration detainee proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On March 31, 2026, the district judge issued an order granting Petitioner's motion for preliminary injunction and requiring his immediate release and referring the matter to the undersigned. (ECF No. 9.) By response filed April 30, 2026, Respondents confirmed that Petitioner was released on April 30, 2026. (ECF Nos. 12, 13.)

---

[1] As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the court omits petitioner's full name, using only the first name and last initial, to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-lsuggestion_cacm_0.pdf.

On July 7, 2026, the undersigned issued a minute order directing the parties to advise the court if they desire to provide additional briefing on the petition. (ECF No. 14.) On July 22, 2026, the July 7, 2026, minute order, sent to Petitioner at his address of record, was returned as "Undeliverable, RTS, not deliverable as addressed, unable to forward."

Petitioner did not file a notice of change of address or otherwise communicate with the court.

## II. DISCUSSION

Petitioner is required to keep the court apprised of his current address at all times. Local Rule 183(b) provides:

> **Address Changes.** A party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within thirty (30) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

Federal Rule of Civil Procedure 41(b) also provides for dismissal of an action for failure to prosecute.[2]

Petitioner's address change was due no later than August 21, 2026. Petitioner failed to file a change of address and he has not otherwise been in contact with the court. "In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (internal quotation marks and citation omitted); *accord Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010); *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006). These factors guide a court in

[2] Courts may dismiss actions sua sponte under Rule 41(b) based on the petitioner's failure to prosecute. *Hells Canyon Pres. Council v. U. S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (citation omitted).

deciding what to do; they are not conditions that must be met in order for a court to act. *In re PPA*, 460 F.3d at 1226 (citation omitted).

Given petitioner's failure to update his address, the expeditious resolution of litigation and the court's need to manage its docket weigh in favor of dismissal. *Id.* at 1227. Although Petitioner is not proceeding in forma pauperis in this action, it appears monetary sanctions will be of little use, and the preclusion of evidence or witnesses is likely to have no effect given that Petitioner has ceased litigating his case and updating his address. More importantly, given the court's apparent inability to communicate with Petitioner, there are no other reasonable alternatives available to address Petitioner's failure to prosecute this action and his failure to apprise the court of his current address. *Id.* at 1228–29; *Carey*, 856 F.2d at 1441.

## III. RECOMMENDATION

Accordingly, the court HEREBY RECOMMENDS that the petition for writ of habeas corpus be dismissed, without prejudice, based on Petitioner's failure to prosecute. Fed. R. Civ. P. 41(b); Local Rule 183(b).

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l)(B). Within fourteen (14) days after being served with a copy of these findings and recommendations, a party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Objections, if any, shall not exceed fifteen (15) pages. Any pages filed in excess of the 15-page limit may not be considered. Exhibits shall not be filed with objections, but they may be referenced by the document and page number. No new exhibits may be filed with objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1) should not be filed until entry of the district court's judgment.

IT IS SO ORDERED.

Dated: **September 8, 2026**

UNITED STATES MAGISTRATE JUDGE